# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

___

**ANTHONY GLEN CLARKE,**

    **Plaintiff,**

**v.**                                                                                                                               **No.: 1:20-cv-01049-STA-jay**

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER OF**
**SOCIAL SECURITY,**

    **Defendant.**

___

## REPORT AND RECOMMENDATION
___

Plaintiff Anthony Glen Clarke applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, 42 U.S.C. §§ 404-434, §§ 1381 et seq. (Tr. 25-33, 34-38). Plaintiff seeks judicial review of only one issue - the ALJ's final decision that the agency appropriately offset his retroactive Title II benefits because he had also already received Title XVI supplemental security income during that same period.

Plaintiff applied for supplemental security income in January 1996 and was found disabled at the initial stage two months later in March 1996 (Tr. 24). From April 1996 to April 1997, Plaintiff was paid a total of $5,067.36 in supplemental security income (Tr. 54, 57). Plaintiff was incarcerated in March 1997 (Tr. 95-96) however, stopping his supplemental security income payments (Tr. 56).

In April 2002 Plaintiff applied for supplemental security income again and was found to meet the medical requirements for disability payments (Tr. 25). Pursuant to an August 29, 2002

1

letter received by Plaintiff, his supplemental security income payments would begin July 2002 (Tr. 25). Plaintiff was paid a total of $113,050.65 in supplemental security income from January 1996 through May 2016 (Tr. 55).

In an August 16, 2016 letter, Plaintiff was informed that the agency had determined that he had been entitled to disability insurance benefits beginning June 1996 (Tr. 34-38). The retroactive Title II disability insurance benefits totaled $77,554.00, according to an itemized breakdown of the Title II payments (Tr. 66-69). Pursuant to agency policy, the retroactive Title II disability insurance benefits were offset by $55,805.27 because Plaintiff had received Title XVI supplemental security income during the overlapping periods, and so the agency sent Plaintiff a lump sum check of $21,748.73 (Tr. 35). *See* 42 U.S.C. § 1320a-6; 20 C.F.R. § 404.408b.

Plaintiff contested the offset and requested reconsideration on March 14, 2017 (Tr. 41). In its June 4, 2018 notice of reconsideration, the agency confirmed that Plaintiff was entitled only to $21,748.73 in retroactive Title II benefits, as the full amount of $77,554.00 had been properly offset by $55,805.271 (Tr. 63-69).

On June 18, 2018, Plaintiff requested a hearing by an administrative law judge ("ALJ") (Tr. 70-71). Plaintiff was not represented at the March 22, 2019 hearing; he signed a waiver of representation prior to the hearing and confirmed on the record that he wanted to proceed without representation (Tr. 16, 130). Plaintiff had no objections to any of the exhibits in the file (Tr. 17). The ALJ confirmed at the hearing that the only issue under consideration was the offset of the $77,554.00 retroactive Title II benefits by $55,805.27 (the SSI offset amount) (Tr. 17-18).

In her decision dated May 30, 2019, the ALJ found that the offset amount was calculated correctly and that the agency properly reduced the $77,554.00 in retroactive disability insurance

2

benefits by the $55,805.27, leaving a balance of $21,748.73, which the agency had paid to Plaintiff in August 2016 (Tr. 11). On June 16, 2019, Plaintiff requested review of the ALJ's decision (Tr. 145-46). On January 8, 2020, the Appeals Council denied Plaintiff's request for review, and thus the ALJ's May 2019 decision became the Commissioner's "final decision" subject to judicial review under 42 U.S.C. § 405(g) (Tr. 1-4). This action followed.

Applicable Law

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he or she was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C § 405(g). The court's review is limited to determining whether there is substantial evidence to support the Commissioner's decision, *id.*, and whether the correct legal standards were applied. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997); *see also Landsaw v. Sec'y of Health & Human Servs*, 803 F.2d 211, 213 (6th Cir. 1986).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)). It is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990);

3

*Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

## The ALJ's Findings

The ALJ considered Plaintiff's claim under section 1127 of the Act and section 404.408(b) of the regulations. She found that Plaintiff was entitled to $77,554.00 in retroactive Title II disability insurance benefits for June 1996 through May 2016 (Tr. 11). She noted that the SSI offset amount was $55,805.27, and that the agency had appropriately reduced the $77,554.00 in retroactive disability benefits by $55,805.27, leaving a balance of $21,748.73 due (Tr. 11). The ALJ also noted that this had been satisfied; the balance had been paid to Plaintiff in August 2016 (Tr. 11). The ALJ affirmed the reconsideration notice and concluded that the application of SSI offset to Plaintiff's retroactive disability benefits was in accordance with the law (Tr. 11-12).

## Analysis

As stated in the reconsideration notice, and as the Commissioner points out, computation of the SSI offset amount of $55,805.27 was under the jurisdiction of the local Selmer, Tennessee Social Security office. Here, however, the amount of offset is not in dispute. Instead, Plaintiff argues against offset entirely.

Section 1127 of the Act, 42 U.S.C. § 1320a-6, provides for the offset of retroactive Title II benefits if supplemental security income was paid during that same time period. 42 U.S.C. § 1320a-6; *see also* 20 C.F.R. § 404.408b. This section directly addresses the situation here and provides that if the individual is entitled to both Title II disability insurance benefits and

4

supplemental security income, and the Title II disability benefits have not been paid, the amount of the retroactive Title II disability insurance benefits "shall be reduced" by an amount equal to the amount of the supplemental security income that would not have been paid if he had received the Title II benefits in the months they were due. *Id*. That reduction, or offset, is what occurred in this case, and the Magistrate Judge recommends that the Court find that substantial evidence supports the ALJ's decision that the offset was proper.

Plaintiff accuses the agency of "egregious conduct" and argues Defendant made "false claims" that "cloaked" the real issues, and "aided and abetted" the delay of Plaintiff's Title II benefits until 2016. Pl's Br. at 1-3. Plaintiff has failed to show any evidence of wrongdoing by the agency in the award of his Title II disability insurance benefits. The Commissioner is correct that the record does not reflect the reason for the delay of the payment of Plaintiff's Title II disability insurance benefits, but regardless of the reason for the delay, the outcome of the decision remains the same. The authors of the Social Security Act clearly contemplated delay of payment of Title II disability insurance benefits by providing for the retroactive payment of those benefits in section 1127. *See also* 20 C.F.R. § 404.408(b). Congress provided that retroactive Title II disability insurance benefits should be reduced by the same amount as if they had been paid at the outset. 42 U.S.C. § 1320a-6; 20 C.F.R. § 404.408b. Even if Plaintiff had somehow established that wrongdoing led to the delay, this would not change the outcome of the offset. Section 1127 does not provide for any exceptions. *See* 42 U.S.C. § 1320a-6. The ALJ properly concluded that the application of SSI offset to Plaintiff's retroactive disability benefits was in accordance with the law, and that Plaintiff was owed $21,748.73 (Tr. 11-12).

Plaintiff also argues that the ALJ violated his due process rights when she "refused to take

5

into consideration the master beneficiary record, and any and all evidence presented by the plaintiff in regard to the egregious conduct by the Social Security Administration, to conceal the initial claim for benefits [in 1996]." Pl.'s Br. at 1-12. However, as has already been established, the only issue under review here is the Commissioner's final decision that the agency properly offset the $77,554.00 retroactive Title II benefits by the SSI offset amount of $55,805.27. Thus, these other issues were not before the ALJ and the ALJ did not err by not entertaining them. Likewise, this Court's review is limited to the record of the proceedings before the Commissioner. *See Domanski v. Celebrezze*, 323 F.2d 882, 885 (6th Cir. 1963), cert. denied, 376 U.S. 958 (1964).

Plaintiff argues in his brief that the agency "made a false claim" that he participated in a ticket to work/trial period program and had participated in substantial gainful activity. *See* Pl.'s Br. at 2. The ALJ addressed this argument in her decision; Plaintiff failed to provide any evidence to support the alleged errors with regard to his earnings report, and additionally, these allegations are time-barred. As the ALJ explained, agency policy sets a statute of limitations of three years, two months, and fifteen days after the "year" in which wages were paid or self-employment income (SEI) derived (Tr. 10-11, citing Program Operations Manual System (POMS) RS 02201.001, online at http://policy.ssa.gov/poms.nsf/lnx/0302201001 (last visited Nov. 3, 2021)). The Magistrate Judge recommends a finding that these arguments regarding Plaintiff's work record are without merit, as they are unfounded, time-barred, and not properly before this Court on review.

Plaintiff alleges egregious acts by the ALJ, and by a claims representative who was involved in his case in 1996. Pl.'s Br. at 2. He also argues that Defendant is in an illegal joint venture with government officials regarding a federal housing program. *Id.* at 3-5. While Plaintiff provides no support for these claims, regardless, these claims are outside the bounds of 42 U.S.C.

6

§ 405(g). The Magistrate Judge recommends that the Court find that its jurisdiction is limited to a review of the application of SSI offset to Plaintiff's retroactive disability benefits and that the Court does not have the jurisdiction to enter the relief sought on Plaintiff's other claims in an action under 42 U.S.C. § 405(g).

Finally, Plaintiff requests "nominal compensatory damages in the amount of $250,000 for each egregious act/conduct of legal wrongdoing" as well as "punative [sic] damages in the amount of $100,000 for each act by the defendant for the purposes of deterrence and retribution from committing wreckless [sic] and willful acts upon the plaintiff." Pl.'s Br. at 5. Plaintiff has not established that he is entitled to such relief. And, as the Commissioner correctly observes, these damages are not available here, not even for situations where payment of benefits has been delayed. *See Schweiker v. Chilicky*, 487 U.S. 412, 425 (1988) (respondents have not been given a remedy in damages for emotional distress or for other hardships suffered because of delays in their receipt of Social Security benefits). The Act confines the Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). No other relief is contemplated by the Act.

## Conclusion

The Magistrate Judge recommends that the Court find that Plaintiff had a fair hearing and full administrative consideration in accordance with applicable statutes and regulations. Substantial evidence on the record supports the Commissioner's decision that the benefits were appropriately offset. Accordingly, the Magistrate Judge recommends that the Court affirm the Commissioner's decision.

Respectfully submitted,

s/ Jon A. York
UNITED STATES MAGISTRATE JUDGE